Mr. Rudolph Livingston Executive Director State Department of Personnel 1313 Sherman Street Denver, CO 80203
Dear Mr. Livingston:
This letter responds to your inquiry requesting interpretation of the provisions of C.R.S. 1973, 1-5-102 and 31-10-603 concerning the rights of State Personnel System employees to absent themselves from employment for voting purposes.
QUESTION PRESENTED AND CONCLUSION
You have inquired whether employees in the State Personnel System are entitled to voting leave pursuant to C.R.S. 1973, 1-5-102 and C.R.S. 1973, 31-10-603 if they are unemployed for 3 or more hours during the time the polls are open, but such hours of unemployment are not consecutive.
My conclusion is "yes."
ANALYSIS
C.R.S. 1973, 1-5-102 provides in pertinent part as follows:
 (1) Any registered elector entitled to vote at a general election shall be entitled to absent himself for the purpose of voting from any service or employment in which he is then engaged or employed on the day of such election for a period of two hours between the time of opening and the time of closing the polls . . .
 (2) This section shall not apply to any person whose hours of employment on the day of the election are such that there are three or more hours between the time of opening and the time of closing the polls during which he is not employed on the job.
C.R.S. 1973, 31-10-603 (1977 repl. vol.), provides in pertinent part as follows:
 (1) Any registered elector entitled to vote at any municipal election held within this state is entitled to absent himself from any service or employment in which he is then engaged or employed on the day of such election for a period of two hours between the time of opening and time of closing the polls . . .
 (2) This section shall not apply to any person whose hours of employment on the day of the election are such that there are three or more consecutive hours between the time of opening and the time of closing of the polls during which he is not employed on the job.
The former statute applies to general elections, the latter to municipal elections.[1] The statutes create an entitlement applicable to "any service or employment" and thus include state employees. Assuming that an employee is a "registered elector entitled to vote" and has made timely request for leave for voting purposes, such employee is entitled to leave "for a period of two hours between the time of opening and the time of closing the polls."[2] C.R.S. 1973, 1-5-102(1); C.R.S. 1973, 31-10-603(1) (1977 repl. vol.). The obvious intent of the laws is to permit up to 2 hours, if necessary, for an employee to exercise voting rights. The statutes, for example, specify that employees paid by the hour shall receive their regular hourly wage for the period of such absence not to exceed 2 hours.
Your inquiry indicates that "most state employees work eight hours between 8 or 8:30 a.m. and 5 or 5:30 p.m., which includes an hour or half-hour lunch." Since the polls are open for 12 hours on election days, you note that the total work time of most state employees leaves 3 or more hours between the time of opening and the time of closing of the polls during which such employees are not employed.[3] However, as you further observe, in such cases the period of non-employment is not for 3 or more consecutive hours but includes two shorter periods, totaling 3 or more hours. You therefore inquire whether subsection (2) in the above-quoted laws operates to prohibit voting leave for such employees.
In the case of municipal elections, the statute provides in pertinent part that voting leave is not applicable ". . . to any person whose hours of employment on the day of the election are such that there are three or more consecutive
hours. . . ." (emphasis supplied). C.R.S. 1973, 31-10-603(2) (1977 repl. vol.). Since employees like those mentioned in your letter do not have 3 consecutive hours of non-employment on election day, the statute mandates voting leave for them. The statute concerning general elections, which appears otherwise to be identical to that for municipal elections, does not contain the express reference to "consecutive" hours of nonemployment. However, for several reasons, a fair reading of the statute appears to require that interpretation.
Prior to 1975, the municipal election voting leave statute itself did not contain an express requirement of "consecutive" hours of nonemployment. See C.R.S. 1963, 49-25-62(2); C.R.S. 1973,31-10-603(2). In 1975, as part of a general revision of the municipal election laws into a comprehensive code, the word "consecutive" was added. 1975 Colo. Sess. Laws, p. 1049. That change, so far as can be determined, occasioned no significant discussion during legislative passage of the general codification bill. By contrast, intentional, substantive changes included in the recodification were specifically identified and reviewed by the committee. Colorado LegislativeCouncil Report to the General Assembly, v. II, pp. 112-113 (December, 1974). Under such circumstances, it is probable that the alteration was intended to clarify the prior law rather than to add a significant precondition to voting leave entitlement. Sands, Sutherland Statutory Construction, 4th ed., v. 2A, section 49.11; Red Lion BroadcastingCo. v. F.C.C., 395 U.S. 367 (1969); F.H.A. v. TheDarlington, 358 U.S. 84 (1958). Viewed in this light, that law, even before it expressly so said, afforded an employee voting leave unless he or she had 3 consecutive hours of unemployment on election day.
Since the general election law is practically identical to the former municipal law, it should be construed in the same manner, since statutes concerning the same subject matter and similarly written should be interpreted congruently. Sands,supra, section 51.02.
Such construction avoids the anomaly that the same employee might enjoy voting leave in the case of a municipal election but not in a general election. This interpretation is also consistent with the statutory mandate that the election code is to be liberally construed to facilitate the exercise of the voting right. C.R.S. 1973, 1-1-103. Finally, since, as you indicate, most
employees do not have 3 consecutive hours of nonemployment on election days, this interpretation applies the important benefit of the statute to the broad class to which the legislature apparently intended it to apply, while the contrary interpretation would cover the exception rather than the rule.
Moreover, subsection (2) of the statute is not rendered meaningless through the above analysis, since the statute still applies to an employee whose work shift on election day commences or terminates at such time that a period of 3 or more hours exists before or after such shift in which such employee may go to the polls to vote. Such an employee, unlike those described in your inquiry, has at least 3 consecutive hours of unemployment in which to exercise the right to vote and potentially suffers no restriction of such right.
SUMMARY
In sum, a state employee is entitled to voting leave of up to 2 hours unless he or she is unemployed on an election day for a period of 3 or more consecutive hours between the time of opening and the time of closing of the polls.
If you have any further questions in this matter, please feel free to call on me at your convenience.
Very truly yours,
 J.D. MacFARLANE Attorney General
ELECTIONS LEAVES OF ABSENCE
EMPLOYEES, PUBLIC
C.R.S. 1973, 1-5-101
C.R.S. 1973, 1-5-102
C.R.S. 1973, 1-1-103
C.R.S. 1973, 1-1-104
C.R.S. 1973, 31-10-102
C.R.S. 1973, 31-10-601
C.R.S. 1973, 31-10-603 (1977 repl. vol.) C.R.S. 1963, 49-25-62
PERSONNEL, DEPT. OF Administration
Assuming that the employee is a registered elector entitled to vote and that a timely request therefor has been made, a state employee is entitled to voting leave of up to 2 hours to vote in a general or municipal election, unless the employee is unemployed on election day for a period of 3 or more consecutive hours during the time the polls are open.
[1] "General" and "municipal" elections are defined at C.R.S. 1973, 1-1-104(9) and at 31-10-102(12) (13), respectively.
[2] C.R.S. 1973, 1-5-101 (general elections) and C.R.S. 1973,31-10-601 (municipal elections) provide that the polls shall be open from 7 a.m. to 7 p.m. on election day.
[3] For purposes of this discussion, lunch time is considered to be "employment" within the meaning of the applicable statutes.